NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of M.W., a child.      )
                                               )
                                             )

M.B.W.,                              )

          Appellant,        )

v.                                 )        Case No. 2D15-59

DEPARTMENT OF CHILDREN AND     )
FAMILIES and GUARDIAN AD LITEM   )
PROGRAM,                    )

          Appellees.        )

Opinion filed May 15, 2015.

Appeal from the Circuit Court for
Hillsborough County; Emily A. Peacock,
Judge.

Norman A. Palumbo, Tampa, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Meredith Hall, Assistant
Attorney General, Tampa, for Appellee
Department of Children and Families.

Jennifer S. Paullin, Sanford, for Appellee
Guardian ad Litem Program.

BLACK, Judge.

M.B.W., the Father, seeks review of the trial court's order adjudicating his daughter dependent and accepting the case plan prepared by the Department of Children and Families. The Father does not challenge the adjudication of dependency but asserts that the trial court erred in accepting the case plan to the extent that it required him to complete tasks beyond a parenting class. The Department concedes error in part. Nothing in the record supports the imposition of the case plan tasks beyond the parenting class. See §§ 39.407(15), .407(16), .6011(2)(a), .6012(1)(a), .603(1)(f), Fla. Stat. (2014); C.T. v. Dep't of Children & Family Servs., 84 So. 3d 1231 (Fla. 2d DCA 2012); cf. J.M. v. Dep't of Children & Family Servs., 136 So. 3d 1271, 1271 (Fla. 2d DCA 2014) (granting the petition for writ of certiorari in part where the trial court sua sponte amended the case plan absent the requisite evidentiary showing pursuant to section 39.6013, Florida Statutes). As such, we affirm the adjudication of dependency, but we reverse the acceptance of the Father's case plan and remand for the Department to prepare an amended case plan. The amended case plan should impose tasks "that are designed to address only the facts and circumstances giving rise to" the adjudication of dependency as it relates to the Father. See C.T., 84 So. 3d at 1233.

Affirmed in part, reversed in part, and remanded for further proceedings.


NORTHCUTT and SALARIO, JJ., Concur.